UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDI ESTUARDO GONZALEZ-FUENTES (A-208-513-050),

Petitioner,

v.

WARDEN, et al.,

Respondents.

Case No.   2:26-cv-00660 DAD CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Edi Estuardo Gonzalez-Fuentes (A-208-513-050), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a bond hearing and his continued detention exceeds statutory authority and violates his due process rights under the Fifth Amendment.  (Id. at 8-9 (claims one and two).)  For the following reasons, this Court recommends that the petition be granted as to petitioner's due process claim (claim two).

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.   DISCUSSION[1]

On March 2, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 3.) On March 2, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in Ayala Cajina v. Wofford, No. 1:25-cv-01566 DAD AC, 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by the court. (ECF No. 6.) The district court directed respondents to show cause by 12:00 p.m. on March 4, 2026 whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders, including Ayala Cajina, 2025 WL 3251083, and would justify denial of a preliminary injunction. (Id.) Respondents did not file a response by the deadline set in the March 2, 2026 order. See docket. On March 5, 2026, the district court noted respondents' failure to respond and found that the circumstances of petitioner's detention were analogous to the district court's previous orders in Perez v. Albarran, No. 1:25-cv-01540 DAD CSK, 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and O.A.C.S. v. Wofford, No. 1:25-cv-01682 DAD CSK, 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), and granted petitioner's motion for a temporary restraining order. (ECF No. 8.) In addition to ordering petitioner's immediate release under the same conditions that governed his release prior to his re-detention on January 10, 2026, the district court ordered that respondents were enjoined and restrained from re-detaining petitioner for any purpose, absent exigent circumstances, without

---

[1] The factual and procedural background previously presented in the district judge's March 5, 2026 order is incorporated herein. (See ECF No. 8.)

2

providing petitioner written notice and a pre-detention hearing before a neutral adjudicator, where respondent shall bear the burden of demonstrating by clear and convincing evidence that petitioner poses a risk of flight or danger to the community.  (Id.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On March 9, 2026, this Court granted respondents ten days to file an answer or motion to dismiss the petition.  (ECF No. 9.)  Petitioner's reply/traverse to an answer or opposition to a motion to dismiss, if any, was due ten days after being served with a copy of respondents' answer or motion to dismiss.  (Id.)  On March 18, 2026, respondents filed a motion to dismiss.  (ECF No. 11.)  Ten days passed from March 18, 2026 and petitioner did not file an opposition to the motion to dismiss.  See Docket.  Briefing is closed.

### A.  Motion to Dismiss

On March 9, 2026, respondents filed a notice informing the court that petitioner was released from custody on March 6, 2026.  (ECF No. 10.)  In the motion to dismiss, respondents argue that given petitioner's release, petitioner received the ultimate relief sought.  (ECF No. 11 at 2.)  For this reason, respondents argue, the petition should be dismissed as moot.  (Id.)  For the following reasons, this Court finds that this action is not moot.  Petitioner's release from detention does not render this action moot.  See Cruz v. Lyons, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025).  The order granting the temporary restraining order did not adjudicate petitioner's 28 U.S.C. § 2241 petition on the merits.  See id.  A habeas petition is not moot where preliminary relief is not made permanent.  See id. (citing Nielsen v. Preap, 586 U.S. 392, 403 (2019) (plurality) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction as made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention.").  "If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief."  Im v. Semaia, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026).

In the motion to dismiss, respondents cite ten cases in support of their argument that the petition should be dismissed as moot.  (ECF No. 11 at 2-3.)  After reviewing the cases cited by

3

respondents, this Court finds that these cases do not support the pending motion as they are materially distinguishable and two of the cited cases are findings and recommendations that have not been adopted by the district court. In Sandhu v. Wofford, 2026 WL 714629 (E.D. Cal. Mar. 13, 2026), Vay v. Chestnut, 2026 WL 675130 (E.D. Cal. Mar. 10, 2026), Nadyrov v. Warden, 2025 WL 3555166 (E.D. Cal. Dec. 11, 2025), findings and recommendations adopted, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026), Nguyen v. Field Office Director, 2025 WL 1864885 (E.D. Cal. Jun. 4, 2025), findings and recommendations adopted, 2025 WL 2106696 (E.D. Cal. Jul. 28, 2025), and Saeturn v. Charles, 2026 WL 227125 (E.D. Cal. Jan. 28, 2026), findings and recommendations adopted, 2026 WL 825758 (E.D. Cal. Mar. 25, 2026), the petitions were dismissed as moot because petitioners were removed from the United States. In Vargas-Olea v. Warden, 2026 WL 700577 (E.D. Cal. Mar. 12, 2026), petitioner claimed an immigration judge ordered petitioner released on bond, but he had not been released from detention despite petitioner's family attempting to post bond. This Court recommended that this action be dismissed as moot after petitioner was released on bond. These findings and recommendations are pending before the district court. In Singh v. Warden, 2026 WL 191594 (E.D. Cal. Jan. 21, 2026), findings and recommendations adopted, 2026 WL 498156 (E.D. Cal. Feb. 23, 2026), the petition was dismissed as moot after petitioner was remanded to the custody of the U.S. Marshal. In Harutyunyan v. Warden, 2025 WL 3467495 (E.D. Cal. Dec. 2, 2025), the petition was dismissed as moot where petitioner sought a bond hearing and/or release and was released from custody after petitioner's request for asylum was granted. Colin v. Warden, 2025 WL 2260049 (E.D. Cal. July 25, 2025), involved a federal prisoner (as opposed to an immigration detainee) whose petition challenging calculation of credits under the First Step Act was dismissed as moot after petitioner was released from custody. In Wafaie v. Chestnut, 2026 WL 675293 (E.D. Cal. Mar. 10, 2026), the magistrate judge recommended that the petition be dismissed as moot after the district court ordered respondents to provide petitioner with a bond hearing following which petitioner was released from custody. These findings and recommendations are pending with the district court.

Accordingly, for the reasons discussed above, this Court recommends that respondents'

motion to dismiss this action as moot be denied.

**B. Merits of Petition**

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing.  See Perez, 2025 WL 3187578 (addressing due process claim); O.A.C.S., 2025 WL 3485221 (addressing due process claim).  In the instant action, petitioner arrived in the United States in or about 2007 and, at some point, encountered immigration authorities and filed a pending asylum application.  (ECF No. 8.)  Thereafter, petitioner was issued an Employment Authorization Document authorizing him to work in the United States.  (Id.)  On January 10, 2026, petitioner was detained by immigration authorities.  (Id.)  As the district court explained in Perez, a prior release of petitioner created an implicit promise by the respondents that petitioner's release would only be revoked on the basis that he failed to comply with the terms of his release.  See 3/5/2026 order; Perez, 2025 WL 3187578, at *3.  As the district court explained in O.A.C.S., previously releasing petitioner on his own recognizance created a reliance interest such that the petitioner was entitled to the due process available under 8 U.S.C. § 1226(a).  See 3/5/3036 order; O.A.C.S., 2025 WL 3485221, at *4-5.

Because the resolution of petitioner's due process claim (claim two) provides the relief requested, the Court need not reach petitioner's statutory claim (claim one).

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner, absent establishment of detention authority pursuant to 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231, unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

/ / /

/ / /

### III.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED as to claim two.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Edi Estuardo Gonzalez-Fuentes (A-208-513-050), absent establishment of detention authority pursuant to 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231, unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

3. Respondents' motion to dismiss (ECF No. 11) be denied.

4. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Fuen660.26.imm.merits/2

6